

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| DAVID DUVALL, | ) | No. ED111144 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Monroe County |
| v. | ) | Cause No. 18MN-CV00243 |
| | ) | |
| JAMES RAY MAXEY, et al., | ) | Honorable Kimberly Jane Shaw |
| | ) | |
| Respondents. | ) | Filed: July 11, 2023 |

### Introduction

Appellant David Duvall, acting *pro se*, appeals the circuit court's judgment granting Respondents' motions to dismiss Appellants' Third Amended Petition. Respondents moved this Court to dismiss the appeal for failure to compile the entire record on appeal, among other reasons. We took the motions with the case, and we dismiss the appeal.

### Factual Background

On June 9, 2020, the circuit held a hearing on Respondents' motions to dismiss Appellant's Third Amended Petition. One week later, on June 16, 2020, the circuit court granted the motions and dismissed the Third Amended Petition "[a]fter due consideration of the arguments presented to the Court during the hearing in this matter." The circuit court entered its order of dismissal with prejudice on July 6, 2022.

**Discussion**

Respondents point out, and Appellant concedes, that Appellant did not file a transcript of the hearing on defendants' motions to dismiss as a part of the record on appeal.

"Within the time prescribed by Rule 81.19, the appellant shall cause the record on appeal to be prepared in accordance with the provisions of this Rule 81 and to be filed with the clerk of the proper appellate court." Rule 81.12(d).[1] "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision. It is divided into two components: the legal file and the *transcript*." Rule 81.12(a) (emphasis added). "Within ten days after the notice of appeal is filed, appellant shall order the transcript, in writing, from the reporter or from the clerk of the trial court if the proceedings were recorded by means of an electronic sound recording." Rule 81.12(c)(1).[2] "The transcript shall contain the portions of the proceedings and evidence not previously reduced to written form and necessary to determination of the issues on appeal." Rule 81.12(c)(2).

As a court of review, we may affirm, reverse, or modify the judgment entered by the circuit court only after reviewing the record on appeal. *E.Y. v. C.T.*, 644 S.W.3d 325, 327 (Mo. App. E.D. 2022). Pursuant to Rule 81.12, the appellant has the duty to order the transcript and compile the record on appeal for the reviewing court to determine the questions presented. *Id.* Without the required documents, this Court has nothing to review. *Id.* Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of

---

[1] All rule references are to the Missouri Supreme Court Rules (2022) unless otherwise indicated.
[2] Appellant filed his notice of appeal on November 10, 2022, but he did not submit a records request for the record on appeal until December 2, 2022.

procedure, a *pro se* appellant, like any other party, must comply with the rules. *Id.* Failure to comply with Rule 81.12 is grounds for dismissal of the appeal. *Id.*

Respondents' motions to dismiss the appeal are granted.[3]

## Conclusion

The appeal is dismissed.

_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.

---

[3] Appellant moved to strike portions of Respondents' brief. We took the motion with the case, and we deny the motion.